[No. 51691-0.   En Banc.   February 27, 1986.]

THE STATE OF WASHINGTON, *Petitioner,* v. WILLIAM E. BASSON, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for petitioner.

*Joan E. Sullivan* of *Snohomish County Public Defender Association,* for respondent.

*David R. Wohl* on behalf of Washington Defender Association and Washington Appellate Defender Association, amicus curiae for respondent.

GOODLOE, J.— The Snohomish County Prosecutor directly appeals a Superior Court order suppressing William Basson's confession. The suppression order is based on an interpretation of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966) that the prosecutor believes is inconsistent with recently decided United States Supreme Court cases. *See State v. Dictado,* 102 Wn.2d 277, 687 P.2d 172 (1984). We overrule the Superior Court's suppression order and reinstate the District Court's finding that the interrogation was noncustodial. Because we find for the prosecution on the scope of review issue, we do not reach the question of what constitutes "custody" for Fifth Amendment or state constitutional (Const. art. 1, § 9) purposes.

Two citizens complained about a man exposing himself

while driving a silver Firebird on the freeway. The car's license number and a description of the acrobatic suspect were provided to the police. A vehicle registration check identified the defendant, William E. Basson, as the car's owner. Two weeks after having "targeted" Basson as the primary suspect of an investigation, a detective contacted Basson by telephone and asked him to come to the police station to discuss the alleged incidents. The detective refused to discuss the allegations over the phone.

Basson voluntarily appeared at the Everett office of the Washington State Patrol. He spoke with the detective for several minutes, during which time he asked about the consequences of not admitting to the crime. When told that the police would have to contact his employer, coemployees, friends, and family, Basson agreed to confess and give a statement to the police. He was then read his *Miranda* rights.

The only individual ever actually investigated for the offense, Basson was charged later in District Court with two counts of public indecency. *See* RCW 9A.88.010. He moved to suppress the statements he had made to the detective. At trial, the District Court found that both Basson and the detective believed the interrogation to be noncustodial, that the investigation had not focused exclusively on Basson, and that the officer did not have probable cause to arrest Basson when he arrived at the station. The District Court then denied the suppression motion and later found Basson guilty on stipulated facts.

The Superior Court reversed Basson's convictions on the ground that his statements should have been suppressed. The Superior Court found that (1) the detective had probable cause to arrest Basson when he first came to the police station and (2) the investigation had by then focused on Basson. The court then concluded that the statements had been made in a "custodial interrogation" and that Basson should have been advised of his constitutional rights before the interview began. This requirement applied, even though the detective "did not intend to hold" Basson at this time

and Basson "did not believe he was in custody." Conclusions of law 2(c), (d). The State appeals the Superior Court order.

In reviewing the District Court's ruling on the motion to suppress, the Superior Court was sitting as an appellate court. *See* RCW 3.02.020; RALJ 9.1. As an appellate court, "[t]he superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction." RALJ 9.1(b). It is not within the superior court's scope of review to examine the evidence de novo. *Seattle v. Hesler,* 98 Wn.2d 73, 653 P.2d 631 (1982).

In the instant case, the District Court expressly found that the detective did not have probable cause to arrest Basson when they began their conversation at the police station. There is substantial evidence in the record to support this finding. Besides weighing the detective's oral testimony, the court found that the detective had only a license number and a physical description of a driver who, unlike Basson, had no facial hair. While the detective began his investigation with the registered owner of the car used in the crime, the detective's questions at the initial meeting evidenced his intent to discover other potential suspects.

The District Court found further that the defendant was not, at this time, the focus of the investigation. This finding was also based on oral testimony and demeanor evidence unavailable to the Superior Court, as well as the common-sense recognition that the detective had to start somewhere and the registered owner is a reasonable party with whom to begin a routine general investigation.

We reinstate, therefore, the District Court's findings because they are based on substantial evidence. Because we find the conversation between the defendant and the detective to be noncustodial under the 4–factor test in *State v. Dictado, supra,* we do not address the prosecutor's other questions concerning the definitions of "custody"

under the fifth amendment to the United States Constitution and article 1, section 9 of the Washington Constitution.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

After modification, further reconsideration denied April 7, 1986.