[No. 21867–1–I.   Division One.   May 31, 1988.]

SHARON GLAEFKE, ET AL, *Respondents*, v. KEITH REICHOW, ET AL, *Petitioners*.

*Roger B. Ley,* for petitioners.

*J. Roderik Stephens* and *Anderson & Jackson,* for respondents.

PER CURIAM.—Petitioners/cross respondents Keith and Susan Reichow have filed a motion for discretionary review of a decision of the Superior Court on a RALJ appeal. Respondents/cross petitioners Sharon Glaefke and Kenneth Allgeier have filed a "Notice of Cross–Appeal to Court of Appeals."[1] A Commissioner referred the matters to a panel of judges for consideration without oral argument. RAP 17.2(b). We accept discretionary review solely on the question of whether the Superior Court exceeded its limited scope of review in modifying the decision of the District Court and reverse.

This case involves a landlord–tenant dispute. Glaefke and Allgeier are former tenants of a residence owned by the Reichows in Renton. Glaefke and Allgeier occupied the rental property for a period of almost 2 years before they gave oral notification that they would vacate the house at the end of August 1986. Glaefke and Allgeier vacated the premises on August 31, 1986, and subsequently commenced this action in Renton District Court to recover, among other things, the full amount of their $400 damage deposit.

After a trial on the merits the District Court, having entered findings of fact and conclusions of law, awarded attorney fees in the amount of $1,500 in favor of the Reichows and against Glaefke and Allgeier. The decision of the District Court was appealed to the King County Superior Court. On appeal, the Superior Court "modified" the decision of the District Court, holding

> Tenant entitled to $400 deposit plus double damages of $400, less $485 in rent for landlord, plus $250 in attorney fees for $565 judgment for Sharon Glaefke.

---

[1]The "Notice of Cross–Appeal" shall be treated as a notice for discretionary review pursuant to RAP 5.1(d).

The Reichows allege that the decision of the Superior Court disregards several express factual determinations made by the District Court. We agree. The law is well settled that "[i]t is not within the superior court's scope of review to examine the evidence de novo." *State v. Basson,* 105 Wn.2d 314, 317, 714 P.2d 1188 (1986). Based on the record before us, it appears that the Superior Court judge simply retried the case and substituted his judgment for that of the District Court. RALJ 9.1(b) expressly provides:

**Factual Determinations.** The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.

Accordingly, the motion for discretionary review is granted, the decision of the King County Superior Court on RALJ appeal is reversed and the case is remanded to the Superior Court for further proceedings consistent with RALJ 9.1 and cases interpreting that rule.

Reconsideration denied July 5, 1988.

Review denied by Supreme Court November 1, 1988.