IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF YAKIMA, | ) | |
| | ) | No. 39535-9-III |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEATHER R. KILLION, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

COONEY, J. — The city of Yakima (City) appeals a superior court order that directs the Yakima Municipal Court to grant Heather Killion's petition to vacate the record of a decades-old conviction. This appeal asks us to decide whether the superior court applied the correct standard of review and whether, for purposes of RCW 9.96.060(2)(a), Ms. Killion completed the terms of the sentence for the offense. Answering both questions in the affirmative, we conclude Ms. Killion is statutorily eligible for vacatur of her conviction and remand for the municipal court to meaningfully consider her petition.

BACKGROUND

On February 24, 2003, the Yakima Municipal Court found Ms. Killion guilty of possession of drug paraphernalia. She was sentenced to 90 days in jail, with 89 days suspended, $615 in legal financial obligations, and two years of probation. Under the

terms of her probation, Ms. Killion was required to obtain an alcohol and drug assessment, complete any recommended treatment, abstain from alcohol and drugs, and maintain law abiding behavior. Ms. Killion served one day in jail and satisfied her legal financial obligations.

As it relates to Ms. Killion's probation, on September 22, 2003, the probation department filed a petition for revocation. Thereafter, Ms. Killion sent a letter to the municipal court asking that her probation be revoked. On October 22, 2003, the municipal court revoked Ms. Killion's probation and sentenced her to 10 days in jail. According to the Yakima Municipal Court docket, the court "Excused/Waived" Ms. Killion's probation, along with the requirement she complete an alcohol and drug assessment and treatment. Clerk's Papers (CP) at 71. Pursuant to the State of Washington's archive destruction rules, on October 14, 2015, Ms. Killion's case file was destroyed.

In March 2022, Ms. Killion filed a petition to vacate the record of her conviction. Without providing a basis for its decision, the municipal court denied Ms. Killion's petition. In response, Ms. Killion's attorney sent an e-mail to the municipal court inquiring, "Is it safe to assume that Ms. Killion's motion to vacate was denied because she was terminated from probation?" CP at 14. The municipal court judge responded that she "[did] not believe all her conditions were met." *Id.*

Ms. Killion appealed to the Yakima County Superior Court. The superior court determined that the municipal court had "legally waived all the remaining sentencing conditions . . . that had been originally imposed on February 24, 2003 and imposed 10 days in jail which Plaintiff fully completed." CP at 51. Because the conditions had been waived, the superior court held that the "conditions were fully satisfied as a matter of law." CP at 52. The superior court remanded for "the municipal court to provide specific reasons why Ms. Killion's motion to vacate was denied." *Id*.

In response, the municipal court judge filed with the superior court a document entitled, "Remand Reply from Superior Court Providing Specific Reasoning and Rational as to Denial of Plaintiff's Motion to Vacate." CP at 53 (some capitalization omitted). In it, the municipal court judge speculated that the "'Excused/Waived'" notation was merely a "keystroke error" made by the clerk of the court. CP at 56. The municipal court judge suspected the clerk's intent was to enter a "T" for "terminated" rather than an "E" for "[e]xcused." *Id*.

On January 6, 2023, the superior court held a second hearing. Later, the superior court ruled that the record was void of any sworn testimony to support the municipal court judge's finding that the "minute entries were 'simply a key stroke error made by the clerk.'" CP at 120. The superior court concluded the municipal court had abused its discretion in finding "that Ms. Killion did not complete, or otherwise be relieved of, all of

3

the conditions of her sentence" and directed the municipal court to grant Ms. Killion's petition. *Id.*

The City timely appeals.

## ANALYSIS

On appeal the City argues that the superior court employed an incorrect standard of review and that the municipal court did not commit any errors of law when it found Ms. Killion had failed to complete the terms of her sentence.

WHETHER THE SUPERIOR COURT EMPLOYED THE PROPER STANDARD OF REVIEW

The City contends the superior court improperly reviewed the municipal court's decision de novo rather than for any errors of law. We disagree.

The Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) govern appeals from a municipal court to a superior court. Under RALJ 9.1(a), the superior court reviews "the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law." RALJ 9.1(b) requires the superior court to "accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction." Accordingly, "[i]t is not within the superior court's scope of review to examine the evidence de novo." *State v. Basson*, 105 Wn.2d 314, 317, 714 P.2d 1188 (1986).

4

"'Substantial evidence is evidence sufficient to persuade a fair-minded rational person of the finding's truth.'" *State v. Stewart*, 12 Wn. App. 2d 236, 240, 457 P.3d 1213 (2020) (quoting *State v. Solomon*, 114 Wn. App. 781,789, 60 P.3d 1215 (2002)). If substantial evidence supports the lower court's findings then "'a reviewing court will not substitute its judgment for that of the trial court even though it may have resolved a factual dispute differently.'" *In re Custody of A.T.*, 11 Wn. App. 2d 156, 162, 451 P.3d 1132 (2019) (quoting *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 879-80, 73 P.3d 369 (2003)). Because the trial court is in a better position to evaluate the evidence, there exists a presumption in favor of the trial court's findings. *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 369, 798 P.2d 799 (1990).

Here, the superior court did not review the municipal court's decision de novo. Rather, the superior court determined that the municipal court's finding that the terms of Ms. Killion's probation was "Excused/Waived" was due to a "keystroke error" was not supported by substantial evidence. The superior court properly noted that "there [was] no sworn testimony in this record to support [this] finding[ ]." CP at 120. Accordingly, the superior court held that the municipal court committed an error of law in finding Ms. Killion statutorily ineligible to have the record of her conviction vacated. The superior court appropriately reviewed the record for any errors of law.

WHETHER MS. KILLION COMPLETED THE TERMS OF HER SENTENCE

The City contends the municipal court did not abuse its discretion in denying the petition because Ms. Killion had not "completed all of the terms of the sentence for the offense." RCW 9.96.060(2)(a). We disagree.

Statutory interpretations are issues of law that we review de novo. *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 457, 430 P.3d 655 (2018). When we engage in statutory interpretation "our fundamental objective is to determine and give effect to the intent of the legislature." *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012). "When possible, we derive legislative intent solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (citing *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)). "Plain language that is not ambiguous does not require construction." *Evans*, 177 Wn.2d at 192.

Under RCW 9.96.060(2), "[i]f the court finds the applicant meets the requirements of this subsection, the court *may in its discretion* vacate the record of conviction." (Emphasis added.) Among other limitations, RCW 9.96.060(2)(a) precludes a court from vacating a conviction if the applicant "has not completed all of the terms of the sentence for the offense." However, the statute is silent on what constitutes completion of the terms of the sentence.

6

The municipal court "Excused/Waived" Ms. Killion's probation and all of the terms required therein. CP at 71. The term "waive" is defined as "to relinquish voluntarily" or "to refrain from pressing or enforcing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2570 (1993). The definition of "complete" is "to bring to an end often into or as if into a finished or perfected state" and "to make whole, entire, or perfect **:** end after satisfying all demands or requirements." WEBSTER'S, *supra*, at 465.

When the municipal court waived Ms. Killion's probation and the required terms, it inherently found she had satisfied all of her obligations. Upon waiving Ms. Killion's probation, the municipal court voluntarily relinquished its ability to enforce the terms of its sentence. Under the unique facts presented here, for purposes of RCW 9.96.060(2)(a), Ms. Killion completed all of the terms of her sentence.

Briefing from amici urges us to broadly hold that "complete[ ] all of the terms of the sentence for the offense" means the moving party has no outstanding legal obligations related to the offense. Because we conclude that the terms of Ms. Killion's sentence were waived rather than terminated, we need not expand the scope of review to decide the legislative intent of "completed" within the meaning of RCW 9.96.060(2).

The City contends that, under RCW 35.20.255(1), once the municipal court terminated Ms. Killion's probation it was thereafter prohibited from waiving any of the terms of her probation. Although the City is correct, it failed to timely appeal the municipal court's order of October 22, 2003, that waived Ms. Killion's probation.

RALJ 2.5(a) requires a notice of appeal to be filed within 30 days after the date of entry of the final decision. Further, a "court's failure to operate within a statutory framework at best render[s] an order voidable, not void." *In re Marriage of Wilson*, 117 Wn. App. 40, 49, 68 P.3d 1121 (2003).

WHETHER THE MUNICIPAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MS. KILLION'S MOTION

The City contends that even if Ms. Killion completed the terms of her sentence, the municipal court possessed broad discretion to deny her petition. We agree.

The superior court remanded the petition to the municipal court "to provide specific reasons why Ms. Killion's motion to vacate was denied." CP at 52. The municipal court responded that "the Plaintiff did not complete all of the terms of her original sentence as required by RCW 9.96.060 to obtain a vacation." CP at 56. After a second hearing, the superior court again remanded to the municipal court, this time ordering the municipal court to grant Ms. Killion's petition.

Provided an applicant is not precluded from having their conviction vacated under RCW 9.96.060(2)(a)-(f), the municipal court may, in its discretion, vacate the record of conviction. A trial court's discretionary decision is reversable where it (1) adopts a view that no reasonable person would take and is thus "manifestly unreasonable," (2) rests on facts unsupported in the record and is thus based on "untenable grounds," or (3) was reached by applying the wrong legal standard and is thus made "for untenable reasons."

*State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012) (internal quotation marks

omitted).  Here, the municipal court found Ms. Killion statutorily ineligible for vacatur

and never exercised its discretion.

We remand to the municipal court to exercise its discretion and meaningfully

consider Ms. Killion's petition to have the record of her conviction vacated.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.


_____
Pennell, J.